### J. WILSON & CO. v. GILMAN HENRY AND J. D. BRIDGMAN.

#### Partnership. Joint Obligors.

A. owned a stable, and B. a livery stock of horses and carriages. A. purchased one undivided half of B's. livery stock, and B. sent D. with the whole stock to A's. stable, and recommended him as capable of taking charge of the livery stable, which he did thereafter. D. bought of the plaintiffs feed for the horses jointly owned by A. & B. and directed them to charge the same to A. & B. The feed thus furnished was applied to the support of the joint property. In an action against A. & B. to recover the price of said feed, it was *held* that it made no difference whether the defendants A. & B. were partners as between themselves, or as to the public, as there was nothing in the case to show that either A. or B. was absolved from the obligations to take care of the joint property.

BOOK ACCOUNT. Judgment to account. The auditor filed a report at the September term, 1871, which was accepted, and the court, Ross, J., presiding, rendered judgment thereon for the plaintiffs for the amount of their demand against both defendants, to which the defendant, Henry, excepted. The report contained an extended statement of facts, bearing on the question of partnership between the defendants ; the defendant, Henry, claiming there was no partnership, and denying his liability. The auditor reported upon this subject that he is unable to find affirmatively

that the defendants both mutually understood and agreed to become partners in the livery business at Bellows Falls. Mr. Bridgman so understood it. His acts, apart from his testimony, show it conclusively. Mr. Henry did not so understand it. His testimony is positive on the subject, and his conduct was not inconsistent with the position he takes. The auditor finds that there was a mutual mistake, and that the minds of the parties never met in the matter of a mutual agreement to become partners. Notwithstanding this, the auditor finds that the public, and these plaintiffs among them, were entitled to regard and charge them as partners.

The disposition of the case by the supreme court renders any further statement of the auditor's report, than appears in the opinion of the court, unnecessary.

*Norman Paul*, for the defendant, Henry.

*C. E. Arnold*, for the plaintiffs.

The opinion of the court was delivered by

PIERPOINT, Ch. J. It appears from the report of the auditor, that in May, 1868, the defendant, Bridgman, owned a barn and stable in Bellows Falls, suitable for use in the business of a livery stable, which he advertised to let for such business, or to go in as a partner with one having capital to stock the stable jointly with himself. Henry at the same time was the owner of a livery stock consisting of horses and carriages, &c., of the value of $3800. He opened negotiations with Bridgman that resulted in his selling to Bridgman the one undivided half of the whole stock. Henry then sent the whole stock to Bellows Falls, in charge of one Hutchins, at the same time recommending Hutchins as a suitable person to have the charge of such business. The property was immediately put to use in the livery business in Bridgman's stables, and Hutchins took charge of it as foreman of the business, and this was well known to both parties.

While the property was thus being kept and used, Hutchins applied to the plaintiffs for food for the horses; the plaintiffs furnished it upon the joint credit of Henry and Bridgman, and

the plaintiff's account is made up entirely of food so furnished, and there is no pretence but that Hutchins faithfully applied such food to the purpose for which it was procured.

Now, upon these facts we think it immaterial whether the defendants were partners as between themselves, or in respect to the public, or not, inasmuch as there is nothing in the case to show that either was absolved from the obligation to maintain and care for this joint property.

Judgment of the county court is affirmed.